UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE FRANK COTA,                                    CIVIL NO. 15-2089 (ADM/JSM)

    Plaintiff,

v.                                                    <u>REPORT AND RECOMMENDATION</u>

DIRECTOR OF THE NATIONAL
SECURITY AGENCY, et al.,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

    Plaintiff George Frank Cota, a Minnesota civil detainee, filed an action under 42 U.S.C. § 1983 alleging that he was being detained in violation of his procedural and substantive due process rights. Cota did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket Nos. 2, 10. On May 6, 2015, this Court recommended that Cota's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B), in part for failure to state a claim on which relief may be granted and in part for bringing claims against individuals immune from suit. *See* Docket No. 13 (Report and Recommendation dated May 6, 2015).

    Cota did not file an objection to this Court's recommendation. Instead, Cota filed an amended complaint [Docket No. 17] stating a myriad claims for relief against several dozen new defendants. Upon receipt of the Amended Complaint, District Judge Ann D. Montgomery issued an order deeming the Amended Complaint to be the operative complaint in this matter and the Report and Recommendation issued by this Court and pertaining to the original Complaint, moot. *See* Order dated August 20, 2015 [Docket

1

No. 10]. The District Court also ordered that Corta's IFP application be evaluated again, including the initial pre-screen review of the Amended Complaint. *Id.*

Therefore, this matter is now again before the Court on consideration of Cota's IFP applications. Based on the information provided by Cota in those applications, the Court continues to find that Cota qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Such is the case here.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). "[A] complaint need not contain 'detailed factual allegations[.]'" *United States ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "it must contain facts with enough specificity 'to raise a right to relief above the speculative level.'" *Id.* (citation omitted). Accordingly, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S., at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(quoting *Twombly*, 550 U.S. at 556). "'Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In addition, a court may dismiss a complaint that is clearly baseless, fanciful, fantastic, or delusional. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Wilson v. Johnston*, 68 Fed. App'x 761, 761 (8th Cir. 2003) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992)). Cota's Amended Complaint is delusional in several respects. Cota has added as defendants to this action former United States Presidents William Jefferson Clinton and George W. Bush, former Minnesota Governors Jesse Ventura and Tim Pawlenty, current United States President Barack Obama, current Minnesota Governor Mark Dayton, and countless former and current national and state officials, including Hilary Rodham Clinton, John Ashcroft, Alberto Gonzalez, Michael Mukasey, and many others. The allegations throughout the Amended Complaint are, on the whole, fantastic, but especially so as to those defendants. For example, Cota alleges that these officials have manipulated public documents to show incorrect election and appointment dates. *See, e.g.*, Am. Compl. ¶ 2 (alleging that Clinton "used his official capacity as showing wrong term dates . . . ."); *id.* ¶ 4 (same for Bush); *id.* ¶ 5 (same for Obama). This Court concludes that Cota's the Amended Complaint in its entirety could be dismissed for frivolity, but, at a minimum, the claims raised against defendants William Clinton, Hilary Clinton, George Bush, Barack Obama, John Ashcroft, Alberto Gonzalez, Michael Mukasey, Eric Holder, Amy Klobuchar, Condoleezza Rice,

Robert Mueller III, George Tenet, Jesse Ventura, Tim Pawlenty, Mark Dayton, the Director of the National Security Agency, the Director of the Central intelligence Agency, the Secretary of the Department of Defense, and the Government of the United States must be dismissed on that basis and with prejudice.[1] *See* Am. Compl., ¶¶ 4-16, 49-52.

As for the other defendants, the sheer number of similar frivolous allegations included in the Amended Complaint makes evaluating whether this pleading contains potentially plausible claims difficult. Nevertheless, this Court has conducted a careful review of the Amended Complaint and concludes that Cota has not stated a viable cause of action against any of the other defendants to this action.

First, many of factual allegations raised by Cota relate to actions occurring earlier than 2009. "The statute of limitations on claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is six years in Minnesota." *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012). Any claims based on misbehavior alleged to have occurred prior to 2009 are therefore barred by the statute of limitations on the face of the amended complaint and may therefore be dismissed as frivolous. *See Rounds v. Baker*, 141 F.3d 1170 (8th Cir. 1998) (unpublished table disposition) (affirming § 1915(e) dismissal on statute-of-limitations grounds). No factual allegations dating from 2009 or later are raised against the following defendants (not including the defendants recommended for dismissal

---

[1] Cota was already informed in the Report and Recommendation issued by this Court on May 6, 2014, that his claims against the Director of the National Security Agency, the Director of the Central intelligence Agency, and the Secretary of the Department of Defense should be dismissed because "no specific factual allegations [were] raised against any of those federal defendants, and thus there is no basis on which Cota could possibly bring claims against those defendants. Indeed, this Court cannot tell from the Complaint why those defendants were included in this litigation at all." Report and Recommendation, at 4-5. Cota did nothing in the Amended Complaint to address these deficiencies.

4

above on frivolity grounds), and so the dismissal with prejudice of these defendants is recommended based on the six-year statute of limitations and the simple reason that the allegations regarding these individuals all took place before 2009: David Voigt, Sheryl Hvaas, Christopher Ceman, Mary Ann Braaten, Dave Pivec, and John Peckskamp. *See* Am. Compl., ¶¶ 18, 19, 24, 31, 46, 47, 61 and 62.

Second, Cota includes no more than conclusory allegations against the vast majority of defendants. For example, with respect to defendant Sarah Herrick, a treatment psychologist at MSOP, Cota alleges only that she used

> her office to assist in a Governors Gag-Order, and a National Security Cover and did conspired and assist in operations and actions that did constituted a cover and a cover up inside the State of Minnesota Facilities, and is conspiring and assisting in operations and actions that constitute a cover and a cover up inside the State of Minnesota Facilities and inside the State of Minnesota, and inside the United States that constituted and continued a Criminal act and Conspiracy, and used her offices and her official capacity as showing wrong term dates and other acts.

Am Compl. ¶ 21 (sic throughout). Apart from being difficult to follow (and almost certainly delusional), these allegations are entirely conclusory; they amount to nothing more than an accusation that Herrick violated the law, with no factual allegations that, if true, would tend to show that this is the case. Much the same can be said of the nearly identical claims raised against Lori Swanson, Debbie Davis, Krista Gilpin, Christopher Ceman, Lynn Dingle, Jessica Symmes, Kent Grandlienard, David Christ, John Megadanz, and Mike Green. *See* Am Compl. ¶¶ 17, 22-29, 44. The allegations against each defendant are too conclusory to be entitled to the assumption of truth, and each of those defendants should be dismissed from this action for failure to state a claim on which relief may be granted.

Third, Cota alleges that a number of doctors and other medical professionals erred when they diagnosed him with schizophrenia, delusions, and a thyroid condition, in addition to the same conclusory claims he makes against most of the other named defendants (*e.g.* Am. Compl., ¶ 32 ("Pete Myers did use his office and official capacity to assist in an actual conspiracy and Illegal act under the National Security Agency and Central Intelligence Agency and under the office of the Minnesota Governor as a Psychiatric worker and as a Private Contractor under an Illegal State Secrets act under National Security and continued an Illegal act and conspiracy upon Plaintiff and assisted in Torture and other criminal acts by his actions and inactions to perpetrate a cover up and a conspiracy.")). *See* Am. Compl. ¶¶ 24, 32-43. None of the causes of action raised by Cota against these individuals are based on medical malpractice or deliberate indifference to medical needs, however. *See* Am. Compl. ¶¶ 77-93 (alleging violations of First Amendment Right to Free Communication, First Amendment Right to Freedom of Mind, Deprivation of Plaintiff's Right to Substantive Due Process, Deprivation of Plaintiff's Right to Procedural Due Process). Moreover, Cota provides no factual allegations that, if true, would tend to prove that he does not, in fact, suffer from the disorders identified by those defendants. Simply put, Cota's claims against these defendants are implausible. Accordingly, the Court recommends that the dismissal of claims against the following defendants: Christopher Ceman, Pete Myers, Peter Puffer, Kristin Muhl, Deborah MacNeil, Joseph Kennedy, Karen MountianJohnson, Dan Paskewitz, Kenneth Carlson, Adam Piccolino, Alan Goldstiene, Vicki Johanneck, and Barbara Jackson.

This leaves three defendants remaining:[2] Lloyd Grachek (a caseworker at MCF, Stillwater), Scott Olson (a librarian at MCF-Oak Park Heights), and Ryan Magnus (Cota's attorney in the civil commitment proceedings). Cota alleges (broadly speaking) that Grachek and Olson impaired his First Amendment rights. For Grachek, this constitutional violation took the form of retaliating against Cota after he attempted to contact police regarding the far-reaching conspiracy alleged elsewhere in the Amended Complaint. *See* Am. Compl., ¶¶ 30, 70. Although only a "short and plain statement" of the claim against Grachek is required, *see* Fed. R. Civ. P. 8(a)(2), this Court finds that the factual allegations are simply too sparse to put Grachek on notice of the specific claim being made against him. For one thing, Cota does not actually allege that Grachek committed the alleged misconduct, only that "Defendants *like* Lloyd Grachek" committed the misconduct. Am. Compl. ¶ 70 (emphasis added). Further, although Cota appears to be referring to a particular instance of retaliation, he states that the retaliation occurred "[b]etween 10-2013 and 2-2015," thus leaving Grachek and this Court to guess about what occasion Cota may be referring. *Id.* Most importantly, though, Cota's allegations against Grachek are colored by wholly fantastic accusations, such as that Grachek was acting under "National Security Cover." Am. Compl. ¶ 30. Under these circumstances, this Court cannot grant Cota IFP status with respect to his claims against Grachek.

As for Scott Olson, Cota alleges that Olson, the librarian at the prison where Cota was previously incarcerated, wrote "false allegations" about Cota and erased Cota's

---

[2] Cota also includes "Directors of the Department of Corrections 1994-2016" as defendants to this action, in the caption of the Amended Complaint, and in the body of the Amended Complaint, (Am. Compl., ¶ 20), but those defendants appear also to have been named individually, and no factual allegations are made against the "Directors" collectively that differ from the allegations made against the defendants individually.

legal work from the library computers in order to prevent Cota from reporting misconduct to "to State and U.S. government officials" to block him "from reporting the Torture going on and totally preventing [him] from reporting the Deaths . . . around [him] between 1974 and 1991 on streets were perpetrated by this NSA/CIA system." *See* Am. Compl. ¶ 45. As with Grachek, the claims against Olson are cursory, non-specific, and colored by delusional allegations.

That said, because Cota's claims against Grachek and Olson come closer to stating a plausible claim for relief than his claims against the other defendants to this action, this Court will recommend that his claims against Grachek and Olson be dismissed without prejudice.

However, Cota's § 1983 claims against defendant Ryan B. Magnus, Cota's defense attorney in the civil detention proceedings pursuant to which he is currently detained, and Magnus's law firm, Jones & Magnus PLLC,[3] fail again and cannot proceed. As this Court previously determined:

> These defendants are not state actors. *See Gentry v. City of Lee's Summit, Mo.*, 10 F.3d 1340, 1342-43 (8th Cir. 1993) (finding that a public defender is not a state actor under § 1983).[4] Therefore, Cota may only proceed with claims under § 1983 against those defendants if he has alleged

---

[3] Jones and Magnus PLLC is no longer listed in the caption of Cota's Amended Complaint, but claims are raised against that entity in the body of the Amended Complaint. *See* Am. Compl. ¶¶ 48, 73.

[4] While Magnus is not a state public defender, but rather was appointed to represent Cota by the State, (Compl. ¶ 5), the outcome is the same. He is not a state actor under § 1983. *See Gentry*, 10 F.3d at 1342 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation marks and citations omitted). Where counsel was retained by the State and is acting as the State's adversary, he is not acting under color of state law. *Id.* at 1342-43.

> facts which, if proved true, would show that Magnus and his law firm "'willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy.'" *Gibson v. Cook*, 764 F.3d 810, 815 (8th Cir. 2014) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005)). Here, Cota has alleged no facts to suggest that Magnus or his firm are working with state officials to see that he is transferred from the Minnesota Sex Offender Program ("MSOP") to the Minnesota Security Hospital ("MSH") or to forcibly medicate him. Moreover, although Cota pleads conclusory allegations of a conspiracy, *see* Compl., ¶ 18 [Docket No. 1],[5] . . . has not alleged any linkage between Magnus and the law firm (on the one hand) and any state actors (on the other hand) sufficient to show conspiracy. For example, Cota has not alleged what understanding Magnus may have reached with state actors, or how that understanding may have come about. Accordingly, Cota may not bring claims against Magnus or the law firm under § 1983, and those defendants should be dismissed from this litigation.

Report and Recommendation, at 3-4. The same analysis applies to Cota's claims against Magnus (and his firm) in the Amended Complaint, and thus, these defendants should be dismissed from the suit with prejudice.

Finally, this Court notes Cota continues to suggest in his Amended Complaint that his ongoing civil commitment is illegal and that the one or more defendants are personally responsible for this ongoing civil commitment. That claim, however, cannot be brought in this suit due to the application of a doctrine known as the *Younger* abstention doctrine. As explained to Cota in the earlier Report and Recommendation:

> "The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (citing *Younger v. Harris*, 401

---

[5] These allegations now appear in the Amended Complaint at ¶¶ 48, 74.

> U.S. 37 (1971)). Each of those requirements is met here. First, there is an ongoing civil commitment proceeding in state court brought by the State of Minnesota in its sovereign capacity. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 592 (2013). Second, this ongoing civil commitment proceeding implicates the State of Minnesota's important interests in detaining and apportioning medical care to individuals convicted under the state's criminal laws. Third, there is no reason to believe that Cota cannot raise his constitutional claims within the context of the ongoing commitment proceedings. Thus, to the extent that Cota seeks to challenge his civil commitment proceedings, the *Younger* abstention doctrine will preclude him from asserting these claims against the [state defendants in their] individual and official capacities while the State proceeding is ongoing.

Id. at 6 n. 3.

In short, none of Cota's claims survive review under § 1915(e)(2)(B), and it is therefore recommended that this case be dismissed. Because the Court recommends dismissal of this litigation, it is further recommended that Cota's IFP application be denied and that his motions for a temporary restraining order and appointment of counsel be denied as moot.[6]

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B), with the claims against defendant Lloyd Grachek and Scott Olson DISMISSED WITHOUT PREJUDICE and the remaining defendants be DISMISSED WITH PREJUDICE.

---

[6] Cota no longer lists Mark F. Hansen or Angela H. Kriese as defendants to this action, but references to those individuals do appear from time to time in the Amended Complaint. *See e.g.* Am. Compl. ¶ 92. To the extent that Cota is attempting to sue those individuals, this Court recommends that any claims against them be dismissed for the reasons explained at length in the May 6, 2015 Report and Recommendation at 4-8.

2.	Plaintiff George Frank Cota's applications to proceed *in forma pauperis* [Docket Nos. 2, 10] be DENIED.

3.	Cota's motions for a temporary restraining order and appointment of counsel [Docket Nos. 3, 14] be DENIED AS MOOT.

Dated:	October 1, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing **(October 15, 2015)**.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.