UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

George Frank Cota,

      Plaintiff,

      v.                **MEMORANDUM OPINION AND ORDER**
                                  Civil No. 15-2089 ADM/JSM

Director of the National Security
Agency, et al.,

      Defendants.

_____

George Frank Cota, *Pro Se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff George Frank Cota's Objections [Docket No. 22] to Magistrate Judge Janie S. Mayeron's October 1, 2015 Report and Recommendation [Docket No. 21] ("R&R"). In the R&R, Judge Mayeron recommends summarily dismissing Cota's action. The R&R additionally denied Cota's Applications to Proceed *In Forma Pauperis* [Docket Nos. 2, 10] ("IFP Applications"), Motion for a Temporary Restraining Order [Docket No. 3] ("TRO"), and Motion for Appointment of Counsel [Docket No. 14]. After a thorough de novo review of the record and for the reasons stated below, Cota's Objections are overruled and Judge Mayeron's R&R is adopted.

## II. PROCEDURAL BACKGROUND

George Frank Cota is a civil detainee of the Minnesota Sex Offender Program in Moose Lake, MN. On April 22, 2015, Cota commenced this action alleging various constitutional and civil rights violations under 42 U.S.C. § 1983. See Compl. [Docket No. 1]. Cota also filed an

IFP Application and Motion for a TRO that same day.  In a May 6, 2015 R&R [Docket No. 13], Judge Mayeron recommended the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, on May 28, 2015, Cota filed an Amended Complaint [Docket No. 17], asserting additional claims against dozens of newly named Defendants related to an alleged government conspiracy occurring between 1974 and 2015.  See Am. Compl.  The Court considered Cota's Amended Complaint as the operative complaint in this matter, rendering Judge Mayeron's previous recommendation moot.  See Ord. [Docket No. 19].  Accordingly, the matter again came before Judge Mayeron for consideration of Cota's IFP application as it pertains to the Amended Complaint.  In a thorough and well-reasoned R&R, Judge Mayeron concluded that the Amended Complaint was "delusional in several respects" and otherwise failed to state a claim upon which relief could be granted.  Judge Mayeron therefore recommends summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  Cota now objects.

### III.  DISCUSSION

#### A.  Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D. Minn. L.R. 72.2(b)(1).  In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

**B. Objections**

Cota's Objections to the R&R are difficult to follow and primarily re-argue the merits of the action. However, the Court interprets Cota's Objections as raising two distinct arguments. First, Cota seems to challenge Judge Mayeron's conclusion that the Amended Complaint contains "fantastic" and "delusional" claims and that it lacks sufficient factual allegations to support many of the claims asserted. See Obj. ¶¶ 2(c), 3–4. Second, Cota maintains that the six-year statute of limitations relevant to 42 U.S.C. § 1983 claims is inapplicable because the wrongs committed against him are "ongoing." Id. ¶¶ 2(a), 7.

**1. Frivolity and Lack of Factual Support**

In the R&R, Judge Mayeron concluded that claims asserted against numerous former and current public officials must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for frivolity.[1] R&R at 3. Cota objects, arguing that the claims are not fantastic and serve to prevent "further harm [to] Plaintiff in the future." Obj. ¶ 4. The Court finds that Judge Mayeron did not err in concluding that claims against these individuals must be summarily dismissed.

Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court may deny an IFP action if the compliant is "frivolous." A complaint may be considered frivolous when the allegations are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 325

---

[1] Specifically, Judge Mayeron dismissed claims under 28 U.S.C. § 1915(e)(2)(B)(i) asserted against Defendants William Clinton, Hillary Clinton, George W. Bush, Barack Obama, John Ashcroft, Alberto Gonzalez, Michael Mukasey, Eric Holder Jr., Amy Klobuchar, Condoleezza Rice, Robert Mueller III, George Tenet, Jesse Ventura, Tim Pawlenty, Mark Dayton, the Director of the National Security Agency, the Direct of the Central Intelligence Agency, the Secretary of the Department of Defense, and the Government of the United States. R&R at 3–4.

(1989)). Cota apparently claims the existence of a government conspiracy, which includes elements of criminal activity coverups, mind control, and the altering of election dates noted in public records. Cota alleges, with slight variations, that these public officials "did conspire and assist in operations and actions that did constituted [sic] a cover and a cover up inside the State of Minnesota Correctional Facilities, and inside the State of Minnesota, and inside the United States that constituted and continued a Criminal act and Conspiracy." See Am. Compl. ¶¶ 2–16, 49–52. These claims "rise to the level of irrational," as the Amended Complaint lacks any factual support to buttress Cota's blanket conspiracy assertions naming numerous public officials.

Cota also objects to the R&R's finding that many of the allegations asserted are simply conclusory and are not supported by factual allegations that state a claim of relief that is plausible on the Amended Complaint's face. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (stating that the court may dismiss an action when an IFP applicant has filed a complaint that fails to state a claim upon which relief may be granted). In his Objections, Cota refers to several declarations that he maintains "all lend[] credibility to Plaintiff's assertions of an Act under State Secrets." Obj. ¶ 8. Yet, the declarations do nothing to remedy the Amended Complaint's pleading deficiencies. The Court agrees with Judge Mayeron's holding that the Amended Complaint fails to state plausible claims upon which relief can be granted.

**2. Statute of Limitations**

Judge Mayeron found that claims asserted against David Voigt, Sheryl Hvaas, Christopher Ceman, Mary Ann Braaten, Dave Pivec, and John Peckskamp were barred by the

statute of limitations.  See R&R at 4–5.  To the extent Cota argues that the claims are "ongoing" and therefore the limitations period is inapplicable, the argument is meritless.  See Obj. at 6.  Judge Mayeron is correct in finding that claims asserted under 42 U.S.C. § 1983 are subject to a six-year statute of limitations.  See United States v. Bailey, 700 F.3d 1149, 1153 (8th Cir. 2012) (stating that claims alleged under 42 U.S.C. § 1983 are subject to six-year statute of limitations in Minnesota).  The specific claims and allegations asserted in the Complaint against these individuals all occurred prior to 2009.

The Amended Complaint does include some general allegations about "Defendants" on later dates, but such allegations are wholly conclusory and void of factual allegations related to the six specific Defendants identified above.  For example, Plaintiff makes several vague allegations directed at Oak Park Heights Staff between 2003 and 2013, but Plaintiff does not specify which staff members his allegations pertain to, nor does he provide a more exact date of such occurrences (identifying only the time period "between 2003 and 2013").  See Am. Compl. ¶¶ 65–67.  Likewise, Cota's claim that "[b]etween 2–2015 and 5–2015 Defendants have still continued having private contractors use false records making Plaintiff look Schizophrenic and Delusional" is similarly insufficient.  Id.  ¶ 73.  Such generalized statements do not state a claim to relief that is plausible on the face of the Amended Complaint.  A complaint "must contain facts with enough specificity 'to raise a right to relief above the speculative level.'"  United States ex rel. Raynor v. Nat'l Rural Util. Co-op Fin., Corp., 690 F.3d 951, 955 (8th Cir.  2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The Court finds that Cota has alleged no facts occurring after 2009 related to the above named Defendants that would preclude application of the six-year statute of limitations.  The claims asserted against these Defendants are time barred.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 22] to Magistrate Judge Janie S. Mayeron's Report and Recommendation [Docket No. 21] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED** in full and this action is **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(e)(2)(B), with the claims against Defendant Lloyd Grachek and Scott Olson **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's Applications to Proceed *In Forma Pauperis* [Docket Nos. 2, 10] are **DENIED**; and

4. Plaintiff's Motions for a Temporary Restraining Order and Appointment of Counsel [Docket. Nos. 3, 14] are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 3, 2015.